**KOLLER LAW LLC**
David M. Koller, Esq. (90119)
Jordan D. Santo, Esq. (320573)   *Counsel for Plaintiff*
2043 Locust Street, Suite 1B
Philadelphia, PA 19103
T: (215) 545-8917
F: (215) 575-0826
davidk@kollerlawfirm.com
jordans@kollerlawfirm.com

### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **TAFESSEWORK WOLDE,** | : | **Civil Action No.** |
| **272 Cricklewood Circle** | : | |
| **Lansdale, PA 19446** | : | |
| **Plaintiff,** | : | |
| | : | |
| v. | : | **Complaint and Jury Demand** |
| | : | |
| **FMC CORPORATION,** | : | |
| **FMC Tower at Cira Centre South** | : | |
| **2929 Walnut Street** | : | |
| **Philadelphia, PA 19104** | : | |
| | : | |
| And | : | |
| | : | |
| **ASTON CARTER, INC.** | : | |
| **2595 Interstate Drive, Suite 103** | : | |
| **Harrisburg, PA 17110** | : | |
| **Defendants.** | : | |

### CIVIL ACTION

Plaintiff, Tafessework Wolde (hereinafter "Plaintiff"), by and through his attorney, Koller Law, LLC, bring this civil matter against FMC Corporation and Aston Carter, Inc. (hereinafter "Defendants"), for violations of Title VII of the Civil Rights Act ("Title VII"), as amended, and the Pennsylvania Human Relations Act ("PHRA"). In support thereof, Plaintiff avers as follows:

### THE PARTIES

1. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

2. Plaintiff is an adult individual residing at the above captioned address.

3. Upon information and belief, FMC Corporation is a chemical company with a location and corporate headquarters at 2929 Walnut Street, Philadelphia, PA 19104.

4. Upon information and belief, Aston Carter, Inc. is a staffing company with a location and corporate headquarters located at 2595 Interstate Drive, Suite 103, Harrisburg, PA 17110.

5. At all times relevant hereto, Defendant employed managers, supervisors, agents, and employees who Plaintiff alleges had the authority to make decisions concerning Plaintiff's employment.  In making said decisions, these individuals engaged in the pattern and practice of discriminatory treatment, which forms the basis of Plaintiff's allegations in the instant Complaint.

6. At all times relevant hereto, Defendant employed managers, supervisors, agents, and employees who acted directly or indirectly in the interest of the employer.  In so acting, these individuals engaged in the pattern and practice of discriminatory treatment, which forms the basis of Plaintiff's allegations in the instant Complaint.

## JURISDICTION AND VENUE

7. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

8. The Court may properly maintain personal jurisdiction over Defendants because the Defendants' contacts with this state and this judicial district are sufficient for the exercise of jurisdiction and comply with traditional notions of fair play and substantial justice, thus satisfying the standard set forth by the United States Supreme Court in <u>International Shoe Co. v. Washington</u>, 326 U.S. 310 (1945) and its progeny.

9. The Court may exercise original subject-matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States

and seeks redress for violations of federal law.

10. The Court may also maintain supplemental jurisdiction over state law claims set forth herein pursuant to 28 U.S.C. § 1367(a) and Rule 18(a) of the Federal Rules of Civil Procedure because they are sufficiently related to one or more claims within the Court's original jurisdiction that they form part of the same case or controversy.

11. Venue is properly laid in the Eastern District of Pennsylvania pursuant to 28 U.S.C. §§ 1391(b)(1) and 1391(b)(2) because Plaintiff is domiciled in this judicial district, the Defendants are located in this judicial district and because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

12. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

13. Plaintiff exhausted his administrative remedies under Title VII and PHRA.

14. Plaintiff timely filed Charges of Discrimination ("Charge") with the U.S. Equal Employment Opportunity Commission ("EEOC") alleging race and national origin discrimination and retaliation against Defendants.

15. The Charges were assigned Charge Numbers 530-2021-03560 and 530-2021-03562 and were dual filed with the Pennsylvania Human Relations Commission ("PHRC").

16. The EEOC issued Plaintiff a Dismissal and Notice of Rights ("Right to Sue") relative to the Charge and that Notice is dated April 4, 2023. Plaintiff received the notice by electronic mail.

17. Prior to the filing of this action, Plaintiff notified the EEOC of his intent to proceed with a lawsuit in federal court.

18. Plaintiff files the instant Complaint within ninety (90) days of his receipt of his Right to Sue in this matter.

19. Plaintiff has exhausted his administrative remedies as to the allegations of this Complaint.

## MATERIAL FACTS

20. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

21. Plaintiff's national origin is Ethiopia.

22. On May 17, 2017, Defendant FMC hired Plaintiff in the position of Supervising Senior Accountant through Defendant Aston.

23. Plaintiff was jointly employed by Defendant FMC and Defendant Aston.

24. Plaintiff was well qualified for his position and performed well.

25. In or around August 2018, Brett Stein (Caucasian, American-born), Controller, became Plaintiff's direct supervisor.

26. Mr. Stein immediately began to exclude Plaintiff from meetings, work activities and conversations.

27. Importantly, Plaintiff was the only foreign-born employee, and Ethiopian employee in his department.

28. In or around June 2019, Plaintiff became aware that Defendant FMC had a job opening for a Supervising Senior Accountant directly with the company.

29. Plaintiff applied for the available Supervising Senior Accountant position as he was well qualified for the position and had been performing the job duties in an exemplary fashion.

30. However, Mr. Stein refused to interview Plaintiff for the position, despite his qualifications and strong performance, and already performing the job duties.

31. Instead, a Caucasian, American-born external hire was selected for the Supervising Senior Accountant position.

32. Mr. Stein continued his discriminatory treatment of Plaintiff by excluding him from meetings and conversations.

33. Additionally, Plaintiff overhead Mr. Stein mocking a Manager from Indonesia, specifically regarding how the Manager spoke English.

34. Mr. Stein ceased as soon as he saw Plaintiff.

35. On or around August 24, 2020, a coworker inadvertently included Plaintiff on a department-wide email that was shared with approximately 60 employees containing a statement from Mr. Stein in which he stated that "Tafe will not be a good person to include in transition [sic]; he lacks ability to explain process."

36. The email was originally sent in or around June 2019.

37. Mr. Stein's statement effectively stated that Plaintiff should not train employees due to his English-speaking ability, as English is his second language.

38. Upon information and belief, the email was further shared with up to 300 employees worldwide.

39. Plaintiff was extremely offended upon seeing the email, as he possessed a strong history of not only explaining, but creating processes and procedures throughout his employment with Defendants.

40. Plaintiff proceeded to complain to Bowen Knarr, Account Manager at Defendant Aston, of Mr. Stein's discriminatory statement in the email and of Mr. Stein's discriminatory treatment of him since becoming his immediate supervisor.

41. Mr. Knarr informed Plaintiff that he had previously heard that Mr. Stein exhibited racial discriminatory behavior.

42. Shortly afterwards, on or around December 10, 2020, Mr. Stein copied Plaintiff on an email to one of Defendant's IT employees that Plaintiff would be terminated effective December 31, 2020.

43. No reason was provided for Plaintiff's termination.

44. Defendants had not issued Plaintiff any disciplines and/or performance warnings prior to his termination.

## COUNT I – NATIONAL ORIGIN DISCRIMINATION
## TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED

45. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

46. Plaintiff is a member of protected classes in that his national origin is Ethiopia.

47. Plaintiff was qualified to perform the job for which he was hired.

48. Plaintiff suffered adverse job actions, including, but not limited to termination.

49. Similarly situated people outside of Plaintiff's protected class were treated more favorably than Plaintiff.

50. Circumstances exist related to the above cited adverse employment actions that give rise to an inference of discrimination.

51. Defendants discriminated against Plaintiff on the basis of national origin.

52. No legitimate, non-discriminatory reasons exist for the above cited adverse employment actions that Plaintiff suffered.

53. The reasons cited by Defendants for the above cited adverse employment actions that Plaintiff suffered are pretext for discrimination.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of

this Complaint, *infra*.

## COUNT II – NATIONAL ORIGIN DISCRIMINATION
## <u>PENNSYLVANIA HUMAN RELATIONS ACT</u>

54. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

55. The foregoing conduct by Defendants constitutes unlawful discrimination against Plaintiff on the basis of his national origin (Ethiopia).

56. As a result of Defendants' unlawful national origin discrimination, Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

## COUNT III – RACE DISCRIMINATION
## <u>TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED</u>

57. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

58. Plaintiff is a member of protected classes in that his race is Black.

59. Plaintiff was qualified to perform the job for which he was hired.

60. Plaintiff suffered adverse job actions, including, but not limited to termination.

61. Similarly situated people outside of Plaintiff's protected class were treated more favorably than Plaintiff.

62. Circumstances exist related to the above cited adverse employment actions that give rise to an inference of discrimination.

63. Defendants discriminated against Plaintiff on the basis of race.

64. No legitimate, non-discriminatory reasons exist for the above cited adverse employment actions that Plaintiff suffered.

65. The reasons cited by Defendants for the above cited adverse employment actions that

Plaintiff suffered are pretext for discrimination.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

## COUNT IV – RACE DISCRIMINATION
## PENNSYLVANIA HUMAN RELATIONS ACT

66. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

67. The foregoing conduct by Defendants constitutes unlawful discrimination against Plaintiff on the basis of his race (Black).

68. As a result of Defendants' unlawful national origin discrimination, Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

## COUNT V – RETALIATION
## TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED

69. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

70. Plaintiff engaged in protected activity protected by Title VII when he internally complained about national origin and race discrimination.

71. Thereafter, Defendants took adverse employment actions against Plaintiff, including, but not limited to, termination.

72. There exists a causal connection between Plaintiff's participation in the protected activity and the adverse employment action.

**WHEREFORE,** Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

## COUNT VI – RETALIATION
## PENNSYLVANIA HUMAN RELATIONS ACT

73. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

74. Plaintiff engaged in activity protected by the PHRA when he internally complained about national origin and race discrimination.

75. Thereafter, Defendants took adverse employment actions against Plaintiff, including, but not limited to, termination.

76. There exists a causal connection between Plaintiff's participation in the protected activity and the adverse employment action.

**WHEREFORE,** Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, Tafessework Wolde, requests that the Court grant him the following relief against Defendants:

(a) Compensatory damages;

(b) Punitive damages;

(c) Liquidated damages;

(d) Emotional pain and suffering;

(e) Reasonable attorneys' fees;

(f) Recoverable costs;

(g) Pre and post judgment interest;

(h) An allowance to compensate for negative tax consequences;

(i) A permanent injunction enjoining Defendants, its directors, officers, employees, agents, successors, heirs and assigns, and all persons in active concert or participation with it, from engaging in, ratifying, or refusing to correct, employment

   practices which discriminate in violation of the Title VII and the PHRA.

(j) Order Defendants to institute and implement, and for its employees, to attend and/or otherwise participate in, training programs, policies, practices and programs which provide equal employment opportunities;

(k) Order Defendants to remove and expunge, or to cause to be removed and expunged, all negative, discriminatory, and/or defamatory memoranda and documentation from Plaintiff's record of employment, including, but not limited, the pre-textual reasons cited for its adverse actions, disciplines, and termination; and

(l) Awarding extraordinary, equitable and/or injunctive relief as permitted by law, equity and the federal statutory provisions sued hereunder, pursuant to Rules 64 and 65 of the Federal Rules of Civil Procedure.

## JURY TRIAL DEMAND

Demand is hereby made for a trial by jury as to all issues.

## CERTIFICATION

I hereby certify that to the best of my knowledge and belief the above matter in controversy is not the subject of any other action pending in any court or of a pending arbitration proceeding, nor at the present time is any other action or arbitration proceeding contemplated.

**RESPECTFULLY SUBMITTED,**

**KOLLER LAW, LLC**

Date: July 3, 2023  **By:**  /s/ *David M. Koller*
             David M. Koller, Esquire
             Jordan D. Santo, Esquire
             2043 Locust Street, Suite 1B
             Philadelphia, PA 19103
             215-545-8917
             davidk@kollerlawfirm.com
             jordans@kollerlawfirm.com

             *Counsel for Plaintiff*